## IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|  |  |  |
|---|---|---|
| **KRISTIN FERGUSON JONES, JENNIFER ARISPE, VANESSA GARCIA, ASHLEY RIOS, CYNTHIA ANN MARTINEZ, KRYSTAL DELPH, MICHELLE RIOS, NATALIE TRUJILLO, MIRNA ESTOPIER, JECENIA R. CASTILLO VIDAL and KAREN ZUNIGA** on Behalf of Themselves and Others Similarly Situated, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |
| *Plaintiffs*, | §<br>§<br>§ | **Case No. 4:24-cv-03927**<br>**JURY DEMANDED** |
| v. | §<br>§ | |
| **AMARO LAW FIRM** | §<br>§ | |
| *Defendant*. | §<br>§ | |

## PLAINTIFFS' FIRST AMENDED COLLECTIVE ACTION COMPLAINT

### I.    SUMMARY

1.      Defendant AMARO LAW FIRM (hereinafter referred to as "Defendant" or "Amaro") failed to pay Plaintiffs, KRISTIN FERGUSON JONES, JENNIFER ARISPE, VANESSA GARCIA, ASHLEY RIOS, CYNTHIA ANN MARTINEZ, KRYSTAL DELPH, MICHELLE RIOS, NATALIE TRUJILLO, MIRNA ESTOPIER, JECENIA R. CASTILLO VIDAL and KAREN ZUNIGA (hereinafter referred to as "Plaintiffs") and its other legal/litigation assistants, case managers and paralegals overtime wages when they work/worked in excess of forty (40) hours in a workweek as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

2.      Defendant's actions were willful and intentional, as it was informed many times that it had not compensated Plaintiffs and the other Class Members the proper payment for

1

overtime hours they worked. Rather than compensating Plaintiff and the other Class Members, Defendant repeatedly lied and delayed payments in order to run out the Statute of Limitations and pay as little as possible.

3.      Defendant's pay practices and policies applied equally to Plaintiffs and all of the other Class Members. Therefore, Plaintiffs bring this suit on behalf of themselves and other similarly situated legal/litigation assistants, case managers and paralegals.

## II.    <u>JURISDICTION</u>

4.      This Court has federal question jurisdiction of this action under 28 U.S.C. §1331 as this case is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b).

## III.    <u>VENUE</u>

5.      Venue of this action is proper in this court, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## IV.    <u>PARTIES</u>

6.      Plaintiff Kristin Ferguson Jones lives in the Southern District of Texas. Jones is a former employee of Defendant and worked as a litigation assistant.

7.      Plaintiff Jennifer Arispe lives in the Southern District of Texas. Arispe is a former employee of Defendant and worked as a paralegal.

8.      Plaintiff Vanessa Garcia lives in the Southern District of Texas. Garcia is a former employee of Defendant and worked as a paralegal.

9.      Plaintiff Ashely Rios lives in the Southern District of Texas. Ashley Rios is a former employee of Defendant and worked as a case manager.

10.     Plaintiff Cynthia Ann Martinez lives in the Southern District of Texas. Martinez is a former employee of Defendant and worked as a litigation assistant.

11.     Plaintiff Krystal Delph lives in the Southern District of Texas. Delph is a former employee of Defendant and worked as a paralegal.

12.     Plaintiff Michelle Rios lives in the Southern District of Texas. Michelle Rios is a former employee of Defendant and worked as a case manager.

13.     Plaintiff Natalie Trujillo lives in the Southern District of Texas. Trujillo is a former employee of Defendant and worked as a litigation assistant.

14.     Plaintiff Mirna Estopier lives in the Southern District of Texas. Estopier is a former employee of Defendant and worked as a paralegal.

15.     Plaintiff Jecenia R. Castillo Vidal lives in the Southern District of Texas. Castillo Vidal is a former receptionist and litigation assistant.

16.     Plaintiff Karen Zuniga lives in the Southern District of Texas. Zuniga is a former employee of Defendant and worked as litigation assistant.

17.     The class of similarly situated employees all consists of legal/litigation assistants, case manager, and paralegals who work/worked for Defendant within the last three (3) years (hereinafter referred to as "Class Members").

18.     Defendant Amaro Law Firm is an employer qualified to do business in the state of Texas. Defendant is liable as Plaintiff's "employer" under the FLSA to comply with the minimum and overtime wage provisions set forth therein. Defendant can be served with process by serving its Managing Attorney David Miller, located at 2500 E. TC Jester Blvd., Suite 525, Houston, Texas 77008, or wherever he may be found.

3

## V.    FLSA COVERAGE

19.    At all times relevant to this dispute, Defendant is an enterprise within the meaning of the FLSA. 29 U.S.C. §203(r).

20.    At all times relevant to this dispute, Defendant is an enterprise that engages in commerce or in the production of goods for commerce within the meaning of the FLSA.  29 U.S.C. §203(s)(1).

21.    At all times relevant to this dispute, Defendant had/has annual gross sales in excess of $500,000.00.

22.    At all times relevant to this dispute, Plaintiffs and the Class Members were employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §207.

## VI.    BACKGROUND FACTS

23.    Defendant Amaro Law Firm is a Texas law firm that specializes in personal injury cases.

24.    Plaintiff Jones worked as a litigation assistant for seven (7) years; for six (6) of the 7 years, Defendant was not correctly paying its employees overtime compensation for hours worked in excess of forty (40) hours per week.

25.    Plaintiffs Arispe, Garcia, Martinez, Delph, Trujillo, Estopier, Castillo Vidal and Zuniga are all former legal/litigation assistants and paralegals (the term was used interchangeably at Defendant) who were not properly compensated under the Fair Labor Standards Act.

26.    Plaintiff Michelle Rios and Ashley Rios are former case managers who were not properly compensated under the Fair Labor Standards Act.

4

27.    Then, in 2023, a new employee began working for Defendant who was aware of the FLSA overtime requirements and realized that Defendant was not fully compensating its employees. That employee threatened to file a claim if Defendant did not start correctly paying overtime.

28.    While Defendant did start correctly compensating its employees for overtime, it has failed to provide backpay for the years it was not paying overtime.

29.    Several employees, including Jones, have been asking Defendant for over a year when they would receive overtime payments for the years they were not correctly compensated. Each time, Defendant provided only excuses in order to delay and run out the Statute of Limitations.

30.    After Jones had requested an update on the unpaid overtime repeatedly over several months, David Miller, Defendant's Managing Attorney, emailed her on July 30, 2024, claiming that they were "still working with the attorneys" and did "not have final calculations" and thus it would "probably be a couple more months" before Jones and the other employees were compensated. *See* Exhibit 1. However, about ten minutes later, Miller emailed Josh Sanford, asking him to "recalculate the amounts owed specifically for Jennifer Arispe & Kristin Jones" because although they "got this revised spreadsheet in May" showing how much each employee was owed, "about 2 months of OT would have fallen outside the statute of limitations. So [he would] like to see how much that reduced her amount. Kristin is an existing employee & the only existing employee who keeps asking about it. Her number would have also gone down in the last couple of months." *See* Exhibit 2. This email proves that—contrary to what Jones was repeatedly told—Defendant had calculated how much backpay each employee was owed back in May 2024, but

5

intentionally delayed paying the employees so that the statute of limitations would run on the earlier payments they failed to make, thereby reducing the amount owed to each employee.

31.     Furthermore, in Miller's July 30, 2024 email to Sanford, he also stated that he intended to only pay Jones, Arispe and another employee who was pressuring Defendant to pay them the compensation they were owed, that they would delay paying the other existing employees, and that they would only pay former employees one at a time and only if they approached Defendant and specifically asked to be paid. *Id*. This shows that Defendant willfully and intentionally violated the FLSA by delaying payment as long as possible to reduce the amount they had to pay and that they had no intention of compensating former employees unless they were legally pressured to do so.

### VII.     COLLECTIVE ACTION ALLEGATIONS

32.     Plaintiffs bring this suit as a collective action pursuant to 29 U.S.C. §216(b) on behalf of themselves and all other persons employed by Defendant as legal/litigation assistants, case managers and paralegals within three (3) years from the filing of this suit who, like Plaintiffs, (1) have not been compensated for all hours worked and/or (2) have not been compensated at one and a half times their regular rate of pay for all hours worked in excess of forty (40) in a single work week.

33.     Defendant classified/classifies and paid/pays all of its legal/litigation assistants, case managers and paralegals in the manner described above. Defendant maintained a common pay practice or policy and the Class Members are similarly situated to Plaintiffs.

34.     Defendant's legal/litigation assistants, case managers and paralegals all performed the same/similar essential job functions and duties of completing work orders for Amaro. Therefore, the Class Members are similarly situated to Plaintiffs.

35.     The damages for each individual can easily be calculated using the same methodology and formula although the exact amount of the damages may vary.

36.     Defendant possesses the names and addresses of Class Members in its records. The Class Members should be allowed to receive notice about this lawsuit and given an opportunity to join. Like Plaintiffs, these similarly situated workers are entitled to recover their unpaid wages, overtime wages, liquidated damages, attorneys' fees, and other damages. Therefore, notice is appropriately sent to the following class:

> **All legal/litigation assistants, case managers and paralegals that worked for Defendant at any time from [three years before date of mailing of Notice and Consent] up to [the date of mailing of Notice and Consent].**

## VIII.     CAUSES OF ACTION

37.     Plaintiffs incorporate the allegation in the preceding paragraphs.

38.     Defendant failed to pay Plaintiffs and the Class Members wages for all hours worked, and/or failed to pay them overtime wages required by the FLSA for all hours worked over forty (40) hours per work week.

39.     As demonstrated by the emails attached hereto, Defendant's failure to pay overtime wages and/or wages earned to Plaintiffs and the Class Members in accordance with the FLSA was willful as that term is defined by Section 255(a), and was not based on a good faith belief that its conduct complied with the FLSA. Therefore, the three (3) year statute of limitations period applies to Plaintiffs' and the Class Members' damages in this case.

40.     Plaintiffs and the Class Members are entitled to wages for all hours worked, overtime wages for all hours worked in excess of forty (40) in a workweek, an amount equal to all of their unpaid wages as liquidated damages, as well as their reasonable and necessary attorneys' fees and costs of this action. 29 U.S.C. §216(b).

## IX.   JURY DEMAND

41.      Plaintiffs hereby demand a trial by jury.

## X.   PRAYER

Plaintiffs respectfully request that judgment be entered against Defendant, awarding them and all similarly situated employees:

a)  Unpaid wages for all hours worked during the period specified herein.

b)  Overtime compensation for all hours worked in excess of forty (40) per work week at the rate of one and a half times her regular rate of pay;

c)  An equal amount of liquidated damages;

d)  Order Defendant to pay reasonable costs and attorney's fees in this action; and,

e)  Order and grant such other relief as is proper and just.

Respectfully Submitted,

*/s/ Gregg M. Rosenberg*
Gregg M. Rosenberg
USDC SD/TX No. 7325
Texas State Bar ID 17268750
gregg@rosenberglaw.com
ROSENBERG & ASSOCIATES
3518 Travis Street, Suite 200
Houston, Texas 77002
(713) 960-8300
(713) 621-6670 (Facsimile)
Attorney-in-Charge for Plaintiffs